IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRANK WALTRIP, # K-02188,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 16-cv-468-MJR** |
| ) | |
| **VIPEN SHAH, DENNIS ELS,** ) | |
| **WEXFORD MEDICAL SOURCES,** ) | |
| **THOMAS SPILLER,** ) | |
| **DIRECTOR I.D.O.C.,** ) | |
| **MEDICAL DIRECTOR,** ) | |
| **and UNKNOWN PARTY EYE DOCTOR,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants were deliberately indifferent to his serious medical condition. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that

refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

**<u>The Complaint</u>**

On July 14, 2014, Plaintiff suffered an injury to his left eye during a basketball game in the prison gym. Another inmate stuck his finger in Plaintiff's eye, and the fingernail punctured the eye, causing it to leak fluid (Doc. 1, p. 6).

Shortly after the injury, Plaintiff sought medical attention from Defendant Dr. Shah. He put some dye in Plaintiff's eye to observe the injury. Defendant Shah gave Plaintiff no

treatment at the time, and told him to just drink more water.  Later, Defendant Shah ordered eye drops to dilate Plaintiff's eye, but Plaintiff asserts the drops did not treat the injury.

Some time later in July, Plaintiff was examined by the Unknown Defendant Eye Doctor.  However, this specialist "refused him adequate medical care."  *Id.*

After Plaintiff's eye exam, Defendant Els (who is referenced in Plaintiff's exhibits as an optometrist at the prison) told him that giving him tinted glasses would cost too much, and instead Plaintiff should just buy a cap at the commissary (Doc. 1, pp. 6, 14, 21).  Defendant Els stated that Defendant Wexford Medical Sources ("Wexford") instructs prison officials "not to cause high medical cost/bills" for treating inmates (Doc. 1, p. 6).

Plaintiff asserts that he now has almost no vision in his injured left eye.  Defendants Shah and Els both gave Plaintiff eye drops, but these did not improve his condition.  Instead, the vision in his left eye became much worse.  Plaintiff notes that the eye drops were the cheapest available treatment.  He also told Defendants Shah and Els that he suffered from severe headaches and nausea from the pain, but the doctors never treated those problems.  Plaintiff's medical records indicate that he was examined by an outside eye specialist on September 16, 2014 (Doc. 1, pp. 16-17), who recommended he wear sunglasses or shades to protect the eye.  Plaintiff thought he should return for a follow-up visit to the specialist, but he was never sent back (Doc. 1 p. 7).

Plaintiff complained to Defendant Spiller (warden) and to the Unknown Defendant Medical Director about the inadequate treatment, but was told to "just man-up" (Doc. 1, p. 7).

Plaintiff continues to suffer severe headaches, loss of sight in his left eye, and severe depression.  In this action, he seeks compensatory and punitive damages (Doc. 1, p. 8).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendants Shah and Els, and the Unknown Party Eye Doctor, for failing to provide adequate treatment for Plaintiff's eye injury;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Defendant Wexford Medical Sources, for maintaining a cost-cutting policy that caused the prison medical providers to render inadequate care to Plaintiff;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Defendants Spiller and the Unknown Party Medical Director for refusing to take any action to review Plaintiff's complaints that his prison medical providers were not adequately treating his vision loss.

Each of these claims shall proceed for further review. However, the Defendant IDOC Director shall be dismissed from the action without prejudice.

**Count 1 – Prison Medical Providers**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012)

(internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff describes a serious eye injury that clearly required medical attention. The complaint thus satisfies the objective component of an Eighth Amendment claim. As to the subjective component, the Court must evaluate whether Plaintiff's prison medical providers acted or failed to act with deliberate indifference to a known risk of serious harm.

According to Plaintiff, Defendants Shah and Els treated him with eye drops, which did nothing to improve the vision in his left eye. They gave no treatment for the headaches and nausea that he experienced after the injury. Further, Defendant Els apparently refused to provide Plaintiff with tinted glasses to protect his injured eye from light, citing instructions from Defendant Wexford Medical Sources to keep the cost of prisoners' treatment under control.

The mere fact that a prescribed treatment (such as the eye drops) has proven ineffective does not rise to the level of deliberate indifference. *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008). However, the apparent delay[1] in providing Plaintiff with the recommended dark glasses (which may have been denied by Defendant Els due to cost-saving

---

[1] Plaintiff's exhibits show that by the time he was examined at the Marion Eye Center on September 16, 2014, he was wearing sunglasses (Doc. 1, pp. 18-19).

concerns), as well as the length of time Plaintiff has endured the loss of vision without any further assessment or treatment, suggest the possibility that the prison doctors' responses to Plaintiff's condition fell below constitutional standards of care.  *See Perez v. Fenoglio*, 792 F.3d 768, 777-79 (7th Cir. 2015) (prison doctor's delay in treatment and refusal to follow treatment recommendations of outside medical specialist may constitute deliberate indifference); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (lengthy course of ineffective treatment, and refusal to order testing or specialist referral over a two-year period during which plaintiff suffered from ulcer suggested deliberate indifference).  For these reasons, **Count 1** against Defendants Shah, Els, and the Unknown Eye Doctor shall proceed for further consideration.

**Count 2 – Wexford Medical Sources**

Defendant Wexford Health Care Services ("Wexford") is a corporation that employs Defendants Shah and Els and provides medical care at the prison, but it cannot be held liable solely on that basis.  A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right.  *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).  *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

Plaintiff has alleged that at least one of the individual Defendants (Defendant Els) either acted or failed to act as a result of an official cost-cutting policy espoused by Defendant Wexford.  Therefore, Plaintiff's claim against Defendant Wexford cannot be dismissed at this stage, and **Count 2** shall also proceed for review.

**Count 3 – Prison Administrators**

Defendant Warden Spiller cannot be held liable merely because he was the

supervisor of the other Defendants. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). The same is true for the Unknown Medical Director at Pinckneyville.

However, Plaintiff asserts that he spoke in person to both Defendant Spiller and to the Unknown Defendant Medical Director about the medical providers' failure to treat his vision loss. Although Plaintiff does not describe these encounters in detail, out of an abundance of caution, the Court shall also allow **Count 3** to proceed for further review at this early stage. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with deliberate indifference claim against non-medical prison officials who failed to intervene despite their knowledge of his serious medical condition and inadequate medical care, as explained in his "coherent and highly detailed grievances and other correspondences").

**Dismissal of Defendant IDOC Director**

Plaintiff does not mention the Director of the Illinois Department of Corrections at all in the body of his complaint. He merely asserts that the Defendant IDOC Director "made final decision [sic] on policy in all IDOC prisons" (Doc. 1, p. 3). This is not sufficient to impose personal liability on the Director, who cannot be held responsible merely for his administrative/supervisory role. *See Sanville*, 266 F.3d at 740. There is no indication that the Defendant Director had any personal involvement in the treatment decisions regarding Plaintiff's injury, nor does Plaintiff point to any policy made by the Director that influenced those treatment decisions.

Moreover, Plaintiff cannot maintain a civil rights suit for money damages against the Defendant IDOC Director in his official capacity as head of the state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official

capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

Accordingly, the Defendant IDOC Director shall be dismissed from this action without prejudice.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion in addendum (Doc. 7) is **DENIED**. This motion seeks to add other Defendants to this action, and describes these parties as the owners of the prison commissary. However, Plaintiff has included no allegations in his complaint regarding the commissary or any of its operators. It appears that this motion was mis-filed in this case.

The motion for service of process at government expense (Doc. 10) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on those Defendants who remain in the action. No service shall be made on the dismissed Defendant.

**Disposition**

The Defendant **DIRECTOR of the IDOC** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **SHAH, ELS, WEXFORD MEDICAL SOURCES,** and **SPILLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to

the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 8, 2016**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court
