IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK WALTRIP, K02188, | ) |
| Plaintiff, | ) |
| vs. | ) |
| VIPIN SHAH, THOMAS SPILLER, DENNIS ELS, and WEXFORD HEALTH SOURCES, INC., | ) Case No. 16–cv–0468–MJR–SCW |
| Defendants. | ) |

# MEMORANDUM & ORDER

**REAGAN, Chief District Judge:**

This matter is now before the Court on a Report and Recommendation ("R&R") submitted by Magistrate Judge Stephen C. Williams, recommending that this Court grant summary judgment in favor of Defendants Shah, Spiller, and Wexford Health Source, Inc. ("Wexford") (Doc. 62). The underlying case is a Section 1983 civil rights suit against the Defendants regarding care Plaintiff received for an eye injury at Pinckneyville Correctional Center ("Pinckneyville"). Magistrate Judge Williams conducted an evidentiary hearing prior to issuing his R&R to assess the weight and credibility of the evidence regarding Plaintiff's exhaustion of administrative remedies for his medical needs, and additional evidence was also submitted to the Court at Magistrate Williams' request (Doc. 60). In the R&R, Magistrate Judge Williams found

that Plaintiff was not credible, and that Plaintiff failed to exhaust his administrative remedies. Plaintiff filed a timely objection to the R&R (Doc. 65). The R&R and Plaintiff's objection are now before the Court for consideration.

For the reasons explained below, the undersigned overrules Plaintiff's objections, adopts in full Judge Williams' R&R, and grants summary judgment to Defendants Shah, Spiller, and Wexford.

## PROCEDURAL & FACTUAL BACKGROUND

Plaintiff alleges that on July 14, 2014, he sustained an eye injury during a basketball game at Pinckneyville (Doc. 1 at 6-7). Shortly after the injury occurred, Plaintiff saw doctor Vipin Shah, who examined his eye and directed him to drink more water (*Id.*). Shah later prescribed eye drops, though Plaintiff claims the drops did not help (*Id.*). Later, Plaintiff saw Pinckneyville's eye doctor, Dennis Els, who also prescribed ineffective eye drops. Plaintiff complained of pain and nausea to no avail (*Id.*). He also experienced a visual impairment or a loss of vision in the injured eye (*Id.*). Finally, on September 16, 2014, he saw an outside optometrist, who recommended sunglasses and/or follow-up care, but neither of these measures was taken (*Id.*). Plaintiff alleges that he informed Defendant Spiller of his injury and was told to "man up." (*Id*).

Along with his complaint, Plaintiff submitted a copy of a grievance dated October 22, 2014, which reflected a response from Pinckneyville on December 14, 2014

(Doc. 1 at 26-27). In the grievance, Plaintiff expressed dissatisfaction with the care he received for his eye from Defendant Els (*Id.*). Plaintiff also appended an emergency grievance dated June 4, 2015, which reflected a response denying emergency status from Pinckneyville on the same date (*Id.* at 29-30). The emergency grievance reiterated Plaintiff's belief that he was not receiving adequate care from Defendants Els and Shah, but made no mention of Defendants Spiller or Wexford (*Id.*). At the *Pavey* hearing, Plaintiff testified that he submitted additional grievances regarding his eye care, to no avail. He also provided testimony about the dates and methods of submission he used for these two grievances and additional grievances, which Magistrate Judge Williams ultimately characterized as conflicting with Plaintiff's own prior submissions and Defendants' records (Doc. 62 at 14-17).

In support of their assertion that Plaintiff failed to exhaust administrative remedies, Defendants supplied the Court with testimony, grievance logs, and an affidavit from a grievance counselor at Pinckneyville. The logs and grievance counseling documentation reflect Plaintiff's October 22, 2014 grievance, but they do not indicate that Plaintiff ever submitted this grievance to the Administrative Review Board ("ARB"). The logs also do not reflect that Plaintiff ever submitted his June 4, 2015 grievance thru normal grievance channels once it was deemed a non-emergency.

Magistrate Judge Williams took care to note that Pinckneyville's grievance log record-keeping was disconcerting, but ultimately found that despite the procedural

infirmities, the records were sufficient to support a finding that Plaintiff did not exhaust his alleged grievances as to Defendants Shah, Wexford, or Spiller. Thus, Magistrate Judge Williams recommended that the undersigned grant summary judgment for failure to exhaust as to those three Defendants (Doc. 62 at 19).

Plaintiff objected to the recommendation, alleging that Magistrate Judge Williams should not make credibility determinations or resolve factual conflicts at the summary judgment phase (Doc. 65). Additionally, he contended that Magistrate Judge Williams' recommendation was incorrect because Pinckneyville's record-keeping was poor and unreliable.

The R&R is now before the Court for a ruling.

## LEGAL STANDARDS

When a party timely objects to a magistrate judge's R&R, the district court—giving deference to the magistrate judge's findings of fact and credibility determinations as noted below—must undertake *de novo* review of the portions to which an objection has been made. **28 U.S.C. § 636(b)(1)(C).**

As an inmate, Plaintiff's lawsuit is governed by the PLRA, which requires a prisoner to exhaust his administrative remedies before filing suit. **42 U.S.C. § 1997e.** In Illinois, the grievance process requires a prisoner to speak with his counselor, file a written grievance, and then appeal that grievance through the institutional and state levels. **20 Ill. Admin. Code §§ 504.810–850.** Though the Seventh Circuit requires strict

adherence to the PLRA's exhaustion requirement, *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006)**, the PLRA's plain language is clear: an inmate must exhaust only those administrative remedies that are available to him, **42 U.S.C. § 1997e(a).** Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance, *Lewis v. Washington*, **300 F.3d 829, 833 (7th Cir. 2002)**, or, when prison employees thwart a prisoner from exhausting, *Dole*, **438 F.3d at 809.**

In *Pavey v. Conley* (*Pavey I*), the Seventh Circuit set forth the procedures for tackling the exhaustion issue. The first step is for the judge to conduct "a hearing on exhaustion and [permit] whatever discovery relating to exhaustion he deems appropriate." *Pavey I*, **544 F.3d 739, 742 (7th Cir. 2008).** Upon conducting the hearing, a court may credit the testimony of one witness over another. *See Pavey v. Conley (Pavey II)*, **663 F.3d 899, 904 (7th Cir. 2011) (affirming the factual findings of a magistrate judge, whose R&R included factual findings that plaintiff was not credible).** Thus, unlike other summary judgment motions, the very purpose of *Pavey I* is to allow a judge to resolve swearing contests between litigants on the limited issue of exhaustion of administrative remedies. *See Pavey I*, **544 F.3d at 741 ("Juries decide cases, not issues of judicial traffic control.").** A magistrate judge's credibility determinations are afforded great deference. *Pavey II*, **663 F.3d at 904;** *see also Goffman v. Gross*, **59 F.3d 668, 671 (7th Cir. 1995) ("[D]**e novo determination **is not the same as a** de novo hearing**. The district court is not required to conduct another**

**hearing to review the magistrate judge's findings or credibility determinations.")
(emphasis added).**

## ANALYSIS

Here, Plaintiff asserts that he filed two grievances regarding the care he received for an eye injury—one on October 22, 2014 (via normal channels), and, one on June 4, 2015 (as an emergency grievance). He claims that he submitted the October grievance to the ARB, and that he resubmitted the June 2015 grievance thru normal channels once emergency status was denied. However, Magistrate Judge Williams found the Plaintiff's testimony inconsistent and lacking credibility. In objection to the R&R, Plaintiff argues that Magistrate Judge Williams should not make credibility determinations at the summary judgment phase, but *Pavey II* clearly indicates that this is precisely the purpose of the *Pavey*/exhaustion phase of prisoner litigation. ***See Pavey II*, 663 F.3d at 904.** Plaintiff does not point to any information persuading the undersigned that Magistrate Judge Williams' credibility determinations were erroneous or unsupported. Accordingly, Plaintiff's objections to the R&R are denied, and the R&R is adopted in full.

## CONCLUSION

For the foregoing reasons, the R&R submitted by Magistrate Judge Stephen C. Williams (**Doc. 62**) is **ADOPTED** in full. The summary judgment motions filed by Defendants Shah, Wexford, and Spiller (**Docs. 34 and 35**) are **GRANTED.** Plaintiff's

claims against Shah, Wexford, and Spiller are **DISMISSED** with prejudice, and the Clerk is **DIRECTED** to terminate them from the docket. By contrast, the case remains active as to Defendant Els.

**IT IS SO ORDERED.**

**DATE:** August 1, 2017

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
United States District Judge